MEMORANDUM *
Appellant/Cross-Appellee Spoerer Burke 1, LLC (“Spoerer Burke”) appeals *815 the district court’s order affirming in part the bankruptcy court’s grant of summary judgment in favor of Appellees/Cross-Appellants Feiges under 11 U.S.C. § 523. Appellees/Cross-Appellants Feiges appeal the district court’s order reversing the bankruptcy court’s grant of summary judgment in their favor under 11 U.S.C. § 727 and remanding those claims for a trial on the merits. The Feiges also appeal the district court’s order vacating and remanding the bankruptcy court’s order granting sanctions.
Finding that there are genuine issues of material fact to be determined at trial, we affirm the district court’s order with respect to the 11 U.S.C. § 727 claims but reverse the district court’s order with respect to the claims under 11 U.S.C. § 523. We therefore remand all of the claims for a trial on the merits.
We vacate the district court’s sanction order but only to the extent it remands the bankruptcy court’s award of sanctions and fees for further consideration. The vacation stands. Attorneys fees under 11 U.S.C. § 523(d) are available only if the consumer debt at issue is discharged. Monetary sanctions cannot be awarded based solely on a finding that a party’s legal arguments were not warranted by existing law. Fed. R. Bankr.P. 9011(c)(2)(A). Because the bankruptcy court abused its discretion in concluding that there was no evidentiary support for Spoerer Burke’s claims, sanctions are not appropriate. See In re Grantham Bros., 922 F.2d 1438,1441 (9th Cir.1991).
AFFIRMED in part and REMANDED; REVERSED in part and REMANDED. Sanction and fees award VACATED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.